**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Donald Hales,

Plaintiff,

v.

Prudential Insurance Company of America; The Prudential Merged Retirement Plan, being sued as The Prudential Merged Retirement Plan; Art Ryan, in his capacity as Trustee for the Prudential Merged Retirement Plan, a/k/a Pru Plans, a/k/a The Pru Plan; the Prudential Trust Company as Trustee for the Retirement System for United States Employees and Special Agents; and Art Ryan as Fiduciary for Prudential Merged Retirement Plan, a/k/a Pru Plans, a/k/a The Pru Plan,

Defendants.

Civil No. 00-2299 (DWF/RLE)

**MEMORANDUM OPINION AND ORDER**

---

Theresa Freeman, Esq., Neff Law Office, 7760 France Avenue South, Suite 720, Bloomington, MN 55435, and Alan I. Silver, Esq., Bassford, Lockhart, Truesdell & Briggs, P.A., 33 South Sixth Street, Suite 3550, Minneapolis, MN 55402-3787, counsel for Plaintiff.

Charles O. Lentz, Esq., and Thomas C. Kayser, Esq., Robins Kaplan Miller & Ciresi, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402, and Aaron Schindel, Esq., Neil Abramson, Esq., and Michael Marra, Esq., Proskauer Rose, 1585 Broadway, New York, NY 10036, counsel for Defendants.

---

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on April 12, 2002, pursuant to Defendants' motion for summary judgment. In the Complaint, Plaintiff alleges age discrimination in violation of the ADEA, 29 U.S.C. § 621,

FILED MAY 31 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD MAY 31 2002
DEPUTY CLERK

*et seq.*, 42 U.S.C. § 2000, *et seq.*,[1] the MHRA, Minn. Stat. § 363.03, and Minn. Stat. § 181.81 (Count I); reprisal (Count II); interference with protected rights in violation of ERISA § 510 (Count III); a claim for benefits due and enforcement of rights pursuant to ERISA § 502(a)(1)(B) (Count IV); breach of fiduciary duty in violation of ERISA § 502(a)(2) (Count VII); and a claim for accounting pursuant to state law (Count X).[2] Defendants now move the Court for summary judgment of all claims. For the reasons set forth below, Defendants' motion is granted.

**Background**

Plaintiff Donald Hales ("Hales") is a former sales representative for Defendant Prudential Insurance Company of America ("Prudential").

As a Prudential employee, Hales participated in the "Pru Plan" pension plan (hereinafter "the plan"), a pension plan which is covered by ERISA.[3] As described in the plan documentation, benefits under the plan are based on average earnings. The plan defines earnings in Section 308 of the plan documentation. Earnings does not include "payments becoming payable after the Retirement Date or termination of Service or as a result of termination of

---

[1] This is the citation provided by the Plaintiff. There is no 42 U.S.C. § 2000, and 42 U.S.C. § 2000a pertains to public accommodations (and would thus not seem to be relevant here). The Court is unclear which specific provision of Title 42 the Plaintiff intended to invoke. At one point in the Complaint, Plaintiff does make reference to § 2000e, so the Court must assume that is the provision Plaintiff intended to cite throughout.

[2] Plaintiff has indicated that he intends to withdraw Count V (discriminatory fraud), Count VI (negligent misrepresentation), Count VIII (promissory and equitable estoppel), Count IX (breach of settlement agreement), Count XI (refusal to supply information), and Count XII (negligence). Plaintiff "acknowledges that . . . [these claims] duplicate other Counts and, therefore, are unnecessary." Plaintiff's Memorandum in Opposition at 10. The Court is left to wonder why, if these claims are duplicative and unnecessary, the Plaintiff nevertheless felt compelled to include them in his Complaint.

[3] Hereafter the Court will refer to all Defendants collectively as "Prudential."

Service . . . ." The plan also sets out a number of "variable" or "irregular" forms of compensation which are similarly excluded. These excluded forms of compensation include, but are certainly not limited to, annual incentive compensation, single bonus payment awards, imputed income, and tuition refund payments.

Hales began working for Prudential in 1977 and worked for Prudential in a variety of positions until he was "wrongfully demoted and forced to resign in 1994 at age 42." Plaintiff's Memorandum at 2.

In 1995, Hales initiated litigation against Prudential alleging age discrimination and reprisal. On February 8, 1996, that litigation was resolved when the parties entered into a settlement agreement ("the 1996 agreement"). Under the terms of the 1996 agreement, Prudential paid Hales $30,000 plus attorneys' fees.

Hales asserts that Prudential continued to discriminate against him and to retaliate against him by harassing Hales's wife. In January of 1999, Hales initiated further litigation against Prudential, again alleging age discrimination and reprisal. The 1999 litigation was resolved on February 27, 1999, when the parties entered into another settlement agreement ("the 1999 settlement agreement"). Under the terms of that agreement, Prudential paid Hales $50,000 plus attorneys' fees.

The 1999 settlement agreement also contained a release which states:

> This release includes . . . any claims which were or could have been asserted in the Current Litigation, Prior Litigation or in NASD arbitration proceedings, and any claims he may have for wages, commissions, penalties, vacation pay or other benefit, any benefit under the Employee Retirement Income Security Act of 1974, as amended; any claims of discrimination or reprisal or harassment under Title VII of the Civil Rights Act of 1964, The Civil Rights Act of 1991, the Americans with Disabilities Act, the Age Discrimination in Employment Act, as amended by the Older Workers Benefits Protection Act, Section 1981 of the Civil Rights Act of 1866; or infliction of emotional distress; defamation; breach of promise,

> misrepresentation, negligence, fraud, estoppel, or improper or constructive discharge . . . . Plaintiff acknowledges and agrees that he hereby releases and waives claims that he knows about and claims that he may not know about. The parties agree that Plaintiff does not hereby waive or release any claim for enforcement of the terms of this Agreement, vested pension, 401(k) plan, benefit plan or savings plan benefits, investments, insurance plan, or other contract or retired agent agreement.

Although Hales ceased working for Prudential in 1994, long before he became eligible to receive disbursements from the Pru Plan pension,[4] his rights in that pension were vested. Shortly after Hales ended his employment with Prudential, Prudential sent Hales a letter indicating that his vested pension benefit would provide a monthly income of $1,555.02, assuming Hales did not withdraw any monies from the account and assuming he did not begin to draw benefits until his 65th birthday.

In May of 2000, Hales contacted Prudential to inquire about how his pension benefits were to be calculated. Upon receiving Prudential's response, Hales concluded that Prudential had miscalculated his pension benefits, specifically by excluding certain compensation from the calculation. Hales requested a Summary Plan Description (an "SPD"), but Prudential did not send him such an SPD until after Hales commenced this litigation.

## Discussion

### 1. Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view the evidence and the inferences which may be reasonably drawn from the evidence in the

---

[4] Indeed, Hales is still ineligible to receive such disbursements. The earliest date on which he can begin receiving pension benefits is his 55th birthday, a date which is still several years in the future.

light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Fed. R. Civ. P. 1. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Krenik*, 47 F.3d at 957.

**2. Age Discrimination and Reprisal**

Hales has alleged that his pension benefits were miscalculated deliberately and that Prudential is attempting to short-change him on his benefits because of his age and because of his prior litigation against Prudential. Prudential is entitled to summary judgment on these claims.

First, it is uncontested that Prudential calculated Hales's pension benefits in 1995 and informed Hales of his monthly pension amount, and Hales has received no income as a result of or after the 1999 settlement agreement,[5] so Hales's pension benefit calculation has not changed

---

[5] Hales does make the argument that part of Prudential's purposeful miscalculation was Prudential's failure to include taxable settlement amounts in its calculation of earnings. However, the plan clearly and unambiguously states that "earnings" do not include "payments (continued...)

after the 1999 settlement agreement. As a result, any claim Hales might have had regarding the amount of his pension benefits accrued before the 1999 settlement agreement and was thus released by that agreement. Hales contends that the 1999 settlement agreement specifically exempted ERISA claims or claims for pension benefits from its release provision. Yet the release specifically applies to any claims, which were ripe as of the date of the 1999 settlement agreement, for commissions or benefits under ERISA. The exemption of claims for vested pension benefits can only be construed to allow Hales to bring claims for such benefits which accrued after the 1999 settlement agreement, yet there has been no basis for a recalculation of benefits subsequent to the 1999 settlement agreement. The Court finds, then, that Hales's claims for discrimination and reprisal fail because he released them with the 1999 settlement agreement.

Second, even if the Court were to find that, somehow, Hales's discrimination and reprisal claims were not released, those claims would still fail as a matter of law because Hales has offered no evidence of a causal nexus between any discriminatory or retaliatory animus on the part of Prudential and the calculation of his pensions benefits. Specifically, Hales has not demonstrated that the individuals responsible for calculating Hales's pension benefits had any idea who Hales was, held any discriminatory animus towards Hales, in particular, or older people in general, or were aware of Hales's litigation against Prudential. In the absence of such evidence, Hales has failed to state a *prima facie* case of discrimination or retaliation.

---

[5](...continued)
becoming payable after the Retirement Date or termination of Service or as a result of termination of Service . . . ." Hales argues that there is an ambiguity with respect to whether the settlement proceeds fall within the plan's exclusion of "awards" from the calculation of "earnings"; however, Hales makes no effort to explain why the settlement proceeds–which clearly became payable long after Hales's last date of employment with Prudential–should not fall within the exemption for "payments becoming payable after the . . . termination of Service . . . ."

**3. ERISA Claims**

Count VII alleges a claim for breach of fiduciary duty in violation of ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2). This provision allows a plan participant to bring an action against the plan fiduciaries on behalf of the plan, but not on his own behalf. *See Conley v. Pitney Bowes*, 176 F.3d 1044, 1047 (8th Cir. 1999), *cert. denied*, 528 U.S. 1136 (2000). In the Complaint, Hales asks only for money damages; he does not request any injunctive relief on behalf of the plan or plan participants, nor does he seek reformation of the plan or removal of the fiduciaries. Hales has not alleged the sort of the type of "pattern or practice of fiduciary violations that require reform." *Id.* Rather, Hales has alleged only that Prudential's contributions to the plan on Hales's behalf were insufficient and, as a result, Hales's own benefits from the plan were insufficient. Hales attempts to couch his claim as a claim on behalf of the plan by noting that if Prudential miscalculated his pension benefits then they failed to provide sufficient contributions to the plan. The fact that the money damages Hales is requesting would have passed through the fund on the way to Hales's pocket is insufficient to raise the claim beyond one for individual damages. Call it what he may, this is an individual claim which is defective as a matter of law.

Count III alleges a claim for interference with protected rights in violation of ERISA § 510, 29 U.S.C. § 1140. Section 510 makes it unlawful for a person to discriminate against a plan participant for exercising his rights under the plan or for the purpose of depriving him of his rights under the plan. Hales alleges that Prudential has violated § 510 by miscalculating his pension benefits and by attempting to fraudulently induce him to begin drawing his benefits at age 55 rather than at age 65. First, with respect to the alleged miscalculation of his pension benefits, any such claim has been released along with Hales's discrimination and retaliation claims. Second, with respect to this allegation that Prudential sought to fraudulently induce

Hales to begin drawing his pension at the age of 55, the Court finds no support for this claim in the record. It is unclear how, specifically, Prudential tried to convince Hales to begin drawing his pension early, why Prudential would do such a thing, or how Prudential would benefit from such a decision. Moreover, Hales is now only 50 years old and has not begun drawing any pension; Hales obviously has not been damaged by any alleged attempt by Prudential to induce him to draw on his pension early. The Court finds that summary judgment on Hales's § 510 claim is appropriate.

Finally, in Count IV, Hales has alleged a claim for benefits due and enforcement of rights pursuant to ERISA § 502(a)(1)(B). Hales's claim under this ERISA provision is, again, based upon the alleged miscalculation of his pension and is thus, again, barred by the effect of the release provision in the 1999 settlement agreement.

Even if this particular ERISA claim had not been released, however, the Court would nevertheless grant summary judgment on the grounds that Hales has failed to exhaust the appropriate administrative remedies. Hales argues that no exhaustion is required by the plan. However, the plan contains an administrative review procedure which meets the requirements of 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(f) and (g) and, accordingly, exhaustion is required. *See Kinkead v. Southwestern Bell Corp. Sickness & Accident Disability Benefit Plan*, 111 F.3d 67, 70 (8th Cir. 1997).

Hales further argues that one or both of the exceptions to the exhaustion requirement apply here. First, "[w]hen a plan administrator in control of the available review procedures denies a claimant meaningful access to those procedures, the district court has discretion not to require exhaustion." *Curry v. Contract Fabricators Inc. Profit Sharing Plan*, 891 F.2d 842, 846-47 (11th Cir. 1990). If, despite a request for plan information, a plan administrator fails to

provide a plan beneficiary with a summary plan description outlining the appropriate administrative procedures, the plan administrator has effectively denied the claimant meaningful access to those procedures. *Id.* Hales argues that he demanded an SPD in May of 2000 and Prudential failed to provide him with one. However, in contrast to the facts in *Curry*, Prudential responded to Hales's May, 2000, letter within two weeks and indicated that an SPD would be sent along at a later date; the SPD was sent three months later, before Hales served Prudential with the Complaint in this lawsuit. The Court finds that, as a matter of law, Hales's single request for an SPD and a three-month delay in providing that SPD–after a notification that one would be forthcoming–do not constitute a denial of meaningful access to plan procedures.

Hales further argues that he should be excused from the exhaustion requirement because exhaustion would be futile. Hales has cited no case factually similar to the one at bar, and the record does not support Hales's contention that administrative review of his benefit amount would have been futile.

Accordingly, even if the Court were to conclude that Hales's ERISA claims were not released pursuant to the 1999 settlement agreement, the Court would nevertheless grant summary judgment on the grounds that Hales has failed to exhaust the administrative remedies provided for by the plan.

**4. Accounting**

In Count X, Hales has asserted a state law claim for accounting. The Court agrees with Prudential that any such state law claim would be preempted by ERISA.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment (Doc. No. 11) is **GRANTED**, and the **COMPLAINT** is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 31, 2002

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

## *Featured Speakers Include:*

**District of Minnesota**

**Judge David S. Doty**

**Judge Donovan W. Frank**

**Judge Paul A. Magnuson**

**Judge Ann D. Montgomery**

**Judge John R. Tunheim**

**Chief Magistrate Judge Jonathan Lebedoff**

**Magistrate Judge Arthur J. Boylan**

**United States Bankruptcy Court**
**District of Minnesota**

**Judge Robert J. Kressel**

**Application Pending for 7.5 CLE Credits including 2 Ethics and 1 Bias Credit**

**The Minnesota Chapter of the Federal Bar Association**
c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

NON-PROFIT ORGANIZATION
U.S. POSTAGE
PAID
Minneapolis, MN
Permit No. 2657

**MINNESOTA CHAPTER OF THE FEDERAL BAR ASSOCIATION**

In connection with
The Federal Judiciary

# *28th Annual Federal Court Practice Seminar*

**June 19, 2002**
**8:00 am—5:15 pm**

**Minneapolis Convention Center**
**1301 Second Avenue South**
**Room 208**
**Minneapolis, MN 55402**
**(612) 335-6000**

## Morning Session:

| | |
|---|---|
| 7:30-8:00 | **Registration** |
| 8:00-8:15 | **Opening Remarks and Welcome,** ***Judge Ann D. Montgomery*** |
| 8:15-9:00 | **Securities Law Issues in the Wake of Enron,** ***Timothy J. Warren (SEC Midwest Regional Office), Professor Niels Schaumann (William Mitchell College of Law), Karl L. Cambronne (Chestnut & Cambronne)*** |
| 9:00-9:45 | **Current Issues in Employment Law,** ***Judge Paul A. Magnuson, Linda L. Holstein (Parsinen Kaplan Rosberg & Gottlieb PA), John R. McDonald (Meagher & Geer, PLLP), Daniel Oberdorfer (Leonard, Street and Deinard)*** |
| 9:45-10:00 | **Morning Break** |
| 10:00-10:45 | **Current Initiatives in the U.S. Attorneys' Office,** ***Tom Heffelfinger (U.S. Attorneys Office)*** |
| 10:45-11:45 | **Discovery Disputes: Professionalism in the Practice of Law?,** ***Judge David S. Doty, Chief Magistrate Judge Jonathan Lebedoff, Magistrate Judge Arthur J. Boylan,*** |
| 11:45-12:45 | **Lunch (Room 211)** |

11:45-12:45 Lunch (Room 211)

## Afternoon Session:

| | |
|---|---|
| 12:45-1:30 | **The Clerk's Office Can Be Your New Best Friend,** ***Celeste Shahidi, Lou Jean Gleason, Mary Lenner, Gertie Simon, Andy Seldon*** |
| 1:30-2:15 | **How to Effectively Teach and Persuade in Patent or Intellectual Property Cases: Why, When and How,** ***Judge Donovan W. Frank, Becky R. Thorson (Robins, Kaplan, Miller & Ciresi), Stephen J. Davidson (Leonard, Street and Deinard)*** |
| 2:15-3:15 | **Issues in the Wake of 9/11: Racial Profiling --** ***Daniel M. Scott (U.S. Federal Public Defenders' Office)***; **Response by the Department of Justice --** ***Tony Brown (U.S. Attorneys Office)*** |
| 3:15:3:30 | **Afternoon Break** |
| 3:30-4:15 | **Update on Technology Tools for Litigating in Federal Court,** ***Judge John R. Tunheim, Judge Robert J. Kressel, Eric J. Magnuson (Rider, Bennett, Egan & Arundel)*** |
| 4:15-5:15 | **Ethics in "Real Life" Practice Situations,** ***Martin A. Cole (Lawyers Professional Responsibility Office)*** |

## *Seminar Registration*

☐ Member $195.00

☐ Non-Member $225.00

Name ____________________

Firm/Employer ____________________

Address ____________________

____________________

____________________

Phone ____________________

E-Mail ____________________

**Complete registration form and send with check payable to:**

**Minnesota Chapter, FBA**
**c/o Nancy Gustafson**
**Kelly & Berens, P.A.**
**Suite 3720 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

**Not a Member? Join the FBA**

*To apply on-line or to download application form go to http://www.fedbar.org and click on "Join the FBA."*

Questions call: Barbara P. Berens, Vice President, Planning, Minnesota Chapter FBA
(612)-349-6171

**Annual Seminar Planning Committee:**

Kristine M. Boylan, Meagher & Geer, P.L.L.P.

Catherine A. McEnroe, Leonard, Street and Deinard

Celeste M. Shahidi, U.S. Courthouse Minneapolis Building

Susan Nolting, U.S. Department of Justice

Maureen Watz Gornik, Warren E. Burger Federal Building