**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Donald Hales,

Plaintiff,

v.

Prudential Insurance Company of America; Prudential Merged Retirement Plan, being sued as The Prudential Merged Retirement Plan; Art Ryan, in his capacity as Trustee for the Prudential Merged Retirement Plan, a/k/a Pru Plans, a/k/a The Pru Plan; The Prudential Trust Company, as Trustee for the Retirement System for United States Employees and Special Agents; and Art Ryan, as Fiduciary for Prudential Merged Retirement Plan, a/k/a Pru Plans, a/k/a The Pru Plan,

Defendants.

Civil No. 00-2299 (DWF/RLE)

**MEMORANDUM OPINION AND ORDER**

---

Theresa A. Freeman, Esq., and Frederick Neff, Esq., Neff Law Office, 7760 France Avenue South, Suite 720, Bloomington, MN 55435, and Alan I. Silver, Esq., Bassford Lockhart Truesdell & Briggs, P.A., 3550 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402-3787, counsel for Plaintiff.

Charles O. Lentz, Esq., Thomas C. Kayser, Esq., and Thomas C. Mahlum, Esq., Robins Kaplan Miller & Ciresi, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402, and Aaron Schindel, Esq., Neil Abramson, Esq., and Michael Marra, Esq., Proskauer Rose, 1585 Broadway, New York, NY 10036, counsel for Defendants.

---

## Introduction

The above-entitled matter is before the undersigned United States District Judge pursuant to Defendants' motion for sanctions and attorney fees and Plaintiff's motion for review of Defendants' cost judgment. For the reasons set forth below, the Plaintiff's motion is granted and the Defendants' motion is granted in part.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

## Background

Plaintiff Donald Hales is a former employee of Defendant Prudential Insurance Company of America ("Prudential") and is a participant in the PruPlan pension plan, a plan covered by ERISA. This case is the third lawsuit brought by Hales against Prudential. The two prior lawsuits concluded in settlements; as part of the settlements, the parties signed general releases.

In the instant lawsuit, Hales alleged a number of claims–common law claims, state statutory claims, ERISA claims, and federal and state age discrimination claims–all related to Prudential's calculation of Hales's pension benefits.

Defendants filed a summary judgment motion in this matter. In a responsive brief, Hales agreed to dismiss six of his twelve claims, admitting that they were unnecessary, duplicative, or otherwise ultimately unavailing.

The Court granted summary judgment on the remainder of Hales's claims. Specifically, the Court found that five of the six claims were clearly released in the prior settlement agreements. The Court further found that Hales had failed to exhaust administrative remedies on his ERISA claims, that Hales's § 502(a)(2) failed because he did not assert damages to the plan, that Hales had failed to provide any evidence of discrimination or retaliation, and that Hales's accounting claim was clearly preempted by federal law.

## Discussion

### 1. Plaintiff's Objection to Defendants' Bill of Costs

Plaintiff objects to Defendants' bill of costs, arguing that the appearance fees and per-page transcription costs billed for the deposition of Hales are excessive. The Court has reviewed the appearance fees and per-page transcription costs claimed by Defendants and finds that the per-page transcription rate claimed is high relative to the rates charged in the local

market and that the appearance fee, while based upon a reasonable hourly rate, is overstated given the time the deposition took.

The appearance fee claimed is $120, that amount reflecting three hours at $40 per hour. The rate of $40 per hour is reasonable. However, the deposition commenced at 9:55 a.m. and concluded at 12:05 p.m. Assuming some limited time for setting up and taking down equipment, the total appearance time was, at most, two and one half hours. Accordingly, the bill of costs should be reduced by $20 to reflect the overcharge of the appearance fee.

The per-page transcription rate claimed is $5.40. There is no indication in the record that the transcript was prepared in an expedited fashion (indeed, the deposition was taken ten days before the close of discovery and more than a month before the motion for summary judgment was filed), that Mr. Hales is a non-native English speaker, or that there were any other extenuating circumstances which would justify such a high per-page transcription rate. The Court finds, based upon the evidence submitted by the Plaintiff and upon the fees charged by official District Court court reporters for similar services, that a more reasonable rate for such services in the local economy is $3.50 per page. This results in a charge for the 81-page transcript of $283.50, rather than the $437.40 claimed by Defendants.

Overall, then, the Defendants' bill of costs should be reduced by $20 for the overcharge in appearance fee and by $153.90 for the lower per-page transcription rate. Accordingly, the total cost judgment should be amended from $587.30 to $413.40.

**2. Defendants' Motion for Attorney Fees and Sanctions**

Defendants have filed a motion requesting attorney fees, pursuant to Minn. Stat. § 363.14, subd. 3, relating to Plaintiff's state law age discrimination claim and sanctions,

pursuant to 28 U.S.C. § 1927, relating to the six claims Plaintiff ultimately dismissed voluntarily.[1]

**A. Sanctions Under 28 U.S.C. § 1927**

Section 1927 of Title 28 provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" may be sanctioned by being "required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." Such sanctions may only be imposed if there is evidence that the attorney's conduct was reckless, in bad faith, or driven by improper motive. *See Lee v. First Lenders Ins. Services, Inc.*, 236 F.3d 443, 445 (8th Cir. 2001).

Here, the Defendants claim that Plaintiff counsel brought a similar action against Defendants on behalf of another former Prudential employee, Mr. Demarais. In that earlier action, Plaintiff's counsel pled the same twelve causes of action, but, after Defendants moved for summary judgment, agreed to withdraw six of the claims. In the instant case, Defendants contacted Plaintiff's counsel about voluntarily dismissing the same six claims in this action, even going so far as to prepare the stipulated dismissal. Plaintiff's counsel declined to sign the stipulation, instead indicating that Plaintiff would be amending the Complaint to eliminate the six claims and to "restate the allegations"; Plaintiff's counsel indicated that the proposed Amended Complaint would be forwarded to Defendants as soon as it was complete. Defendants pointed out that the time for amending the Complaint had long since passed. However,

---

[1] The Court notes that both of these requests involve a determination of a reasonable hourly rate for the attorneys involved. Plaintiff has alleged that the rates charged by Defendants' counsel are excessive in the local market. However, Plaintiff does not provide any alternative figures. The Court has reviewed the hourly rates alleged and finds that, while they are undoubtedly at the high end of the local spectrum, they are not facially unreasonable.

Plaintiff's counsel neither brought a motion seeking to amend the Complaint, nor submitted a proposed Amended Complaint, nor signed the stipulation to dismiss the claims.

Plaintiff's counsel now alleges that it never intended to contest dismissal of those six claims and that Defendants should have realized that. Plaintiff's counsel seems to suggest that, contrary to their behavior, Defendants should have known that Plaintiff's counsel would abandon the claims and simply rolled the dice, not bothering to brief those claims in their motion for summary judgment.

The Court does not agree. The Court finds that Plaintiff's counsel's failure to take any action at all–prior to Defendants briefing their motion for summary judgment–to eliminate the six claims it intended to abandon shows a reckless disregard for Plaintiff's counsel's responsibility to this Court and to opposing counsel. From such conduct the Court can and does infer bad faith on the part of Plaintiff's counsel. It is unreasonable to assert that Defendants should have agreed to an amendment of the Complaint without first seeing the proposed amendment. It is also unreasonable to assert that, in the absence of Defendants' agreement to an amendment sight-unseen, Plaintiff's counsel was free to simply sit silent without even notifying Defendants that they did not intend to contest dismissal of the six claims at issue. Plaintiff's counsel cannot claim that, after Plaintiff's counsel expressly refused to sign the stipulation dismissing the six claims, Defendants should have known intuitively that Plaintiff's counsel nevertheless intended to abandon them.

Obviously, the Court cannot know for certain what motivated the behavior of Plaintiff's counsel in this matter. It is impossible to ever know, with certainty, the true intentions and motivations of another person. But the law allows that intent and motive may be inferred by

behavior and, here, the behavior of Plaintiff's counsel leads the Court to the inexorable conclusion that Plaintiff's counsel intended to muddy the waters with these vexatious claims.

Moreover, the Court finds that Defendants were reasonable in devoting a portion of their brief in support of summary judgment to these six claims. Accordingly, the Court finds that there is a causal nexus between the Plaintiff's counsel's sanctionable behavior and certain costs incurred by Defendants, specifically, 28% of the costs incurred in briefing Defendants' motion for summary judgment. However, the Court finds that the amount of the sanction should be cut in half because, as both parties readily conceded, the issues played out in this matter were almost verbatim repeats of the issues played out in the *Demarais* matter. In other words, the amount of time the Defendants allegedly spent briefing these repetitive issues is excessive. The Court finds that halving the amount of the request is appropriate to account for the attorneys' familiarity with the facts and issues involved.

As a result, the Court finds that Plaintiff's counsel should pay Defendants $4,703.12 for attorney fees incurred in connection with the six abandoned claims, as a sanction pursuant to 28 U.S.C. § 1927.

**B. Attorney Fees Pursuant to Minnesota Statute**

Minnesota Statute § 363.14, subd. 3, provides that a prevailing party in a state-law discrimination case may recover reasonable attorney fees from the non-prevailing party. A court may award attorney fees to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Sigurdson v. Isanti County*, 386 N.W.2d 715, 722 (Minn. 1986); *see also Bilal v. Northwest Airlines, Inc.*, 537 N.W.2d 614, 620 (Minn. 1995).

In the instant case, Defendants assert that Plaintiff's age discrimination claim, which was based in part upon state law, was frivolous and without foundation. Indeed, in this Court's May 31 Order granting Defendants summary judgment, the Court expounded at some length on the utter lack of any foundation for Plaintiff's age discrimination claim. The Court concludes that, for the reasons stated in that Order, Defendants are entitled to attorney fees, pursuant to Minn. Stat. § 363.14, subd. 3, for costs incurred in defending against Plaintiff's age discrimination claim. Specifically, Defendants are entitled to 10% of the fees and costs incurred between December 10, 2001, and January 15, 2002.

Again, however, the Court finds that the actual hours expended on the Defendants' summary judgment motion are excessive in light of the strong similarity between this action and others brought by Plaintiff's counsel. Accordingly, the Court finds that the actual amount of attorney fees awarded should be cut in half to more accurately reflect the amount of time it should have taken Defendants to prepare the summary judgment motion in this case, in light of the Defendants' past experience with substantially similar claims. As a result, the Court finds that Defendants are entitled to $1,782.06 in attorney fees associated with Plaintiff's age discrimination claim.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Sanctions and Attorney Fees (Doc. No. 27) is **GRANTED IN PART** as follows:

   a. Counsel for Plaintiff Donald Hales is ordered to pay $4,703.12 in attorney fees as a sanction pursuant to 28 U.S.C. § 1927.

   b. Defendants are further awarded $1,782.06 in attorney fees pursuant to Minn. Stat. § 363.14, subd. 3, and Rule 54 of the Federal Rules of Civil Procedure.

2. Plaintiff's Motion for Review of Cost Judgment (Doc. No. 38) is **GRANTED**, and the amount of the cost judgment shall be amended from $587.30 to $413.40.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 3, 2002

DONOVAN W. FRANK
Judge of United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*